IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIMAL DIUNUGALA,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF CONSERVATION, DIVISION OF OIL, GAS AND GEOTHERMAL RESOURCES,**<br><br>Defendant. | Case No. 2:16-cv-03530-DSF (JEMx)<br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties' Stipulation Regarding Confidential Information and Request for Protective Order ("Stipulation") is hereby GRANTED. Confidential information in this matter shall be handled in the manner indicated herein and as set forth below:

## **DEFINITIONS**

1. "Designating Party" means any one of the Parties producing Documents or information under this Stipulation and any Protective Order thereon.

2. "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

3. "Confidential" designates information that a Designating Party reasonably believes to be confidential due to safety or security reasons, that is not readily available to the public, and/or the disclosure of which is likely to result in the imminent harm to or substantial endangerment to one of the Parties or their business interests. Such information must be protected from public disclosure because it may include non-disclosed proprietary information, trade secrets, information about various agencies or training that is not publicly available, or other such information that is maintained as private in the course of business.

4. "Confidential" also designates information that is protected against disclosure by various privacy laws, including, for example, social security numbers, driver license numbers, addresses, phone numbers, email addresses, birthdates, and bank account numbers or transactions statements, and private personnel documents from prior employers. "Confidential" also designates information that is protected against disclosure by various health privacy laws, including but not limited to, Plaintiff's medical records or health information. Public disclosure of such information would violate Plaintiff's privacy and various health privacy laws.

5. "Confidential" information may be contained in Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

## APPLICATION & PROCEDURE

6. This Stipulation and any Protective Order thereon, shall apply to all Confidential information exchanged by any Party, including, without limitation,

Documents, things, other discovery materials, transcripts, depositions, testimony, or other papers produced, filed, generated, or served by a Party in this litigation.

7. The Parties agree that Documents, information or other things produced by third parties pursuant to subpoena may also be designated as "Confidential" by any Party upon written notice to the other. The Designating Party must identify the Document, information or other thing as "Confidential" in writing within ten (10) court days after receipt by the Designating Party.

8. The Parties will use due care to designate as Confidential only the Documents, information or other materials that truly encompass such information.

9. All Confidential information produced and designated as Confidential hereunder shall have stamped or affixed on each page "Confidential" at the time such materials, or copies thereof, are delivered by the Designating Party to the receiving Party, or within ten (10) court days thereafter in the event such labeling or marking is inadvertently omitted.

10. Confidential information that has been classified as such may be disclosed only to the following:

    A. Plaintiff and Defendant and the authorized representatives and employees of each;

    B. Outside counsel for the receiving Party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Confidential information;

    C. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer;

        D.    Experts and consultants who are requested by counsel of the receiving Party to furnish technical, legal, expert, or other specialized services in connection with this litigation; and

        E.    Any other person to whom the parties agree in writing or as ordered by the Court.

        F.    No Confidential information shall be provided to any person identified in subpart D of Paragraph 10 hereof until each such person has been provided with a copy of this Stipulation and has signed the Certification attached hereto as Exhibit A.

        G.    Nothing herein prevents disclosure of Confidential information to the Court pursuant to the Court procedures, or as otherwise ordered by the Court.

        H.    Notwithstanding subdivisions A – G above, other persons may be shown a specific item of Confidential information of the producing Party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of said specific item.

11.    Deposition or other recorded testimony may be designated as Confidential information in accordance with this Stipulation: (a) in the course of the deposition, orally on the record; or (b) by notifying the other Party in writing, within thirty (30) court days of receipt of the transcript by the parties, of the pages and lines of the transcript that contain the Confidential information. Where appropriate in light of the amount of Confidential information likely to be disclosed at a given deposition, counsel of record for the Parties may agree at the beginning of the deposition that the entire transcript shall be designated "Confidential," subject to review of the transcript and withdrawal of any unnecessary designation within thirty (30) court days of receipt of the transcript. To avoid any inadvertent disclosure of Confidential information, all depositions shall presumptively be

1 treated as Confidential and subject to this Stipulation during the deposition and for a period of thirty (30) court days after a transcript of said deposition is received by the Parties.

12. If the receiving Party disagrees with the Confidential or redacted status of any Document or other material, the receiving Party will notify and confer with the producing Party to request reclassification or redaction of the Document or material. If no agreement has been reached within thirty (30) court days of such notification or a later date if agreed to in writing by the Parties, the receiving Party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Stipulation. If such a request is made, the Party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Stipulation should apply.

## COMPLIANCE WITH COURT RULES

13. All Documents that have previously been designated by a Party as comprising or containing Confidential information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be submitted for filing only under the procedure set forth in the Court's rules. This includes Local Rule 79-5 *et seq.*, which requires a party seeking to file confidential information to submit an application to the Court requesting permission to file under seal. Such an application must be submitted within the timeframe imposed by the Court's rules. In all instances, the Parties will be bound by the Court's ruling regarding whether a document may be filed under seal.

**PRIVILEGED INFORMATION AND INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION ("CLAW BACK PROVISION")**

14. Nothing in this Stipulation shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does this Stipulation result in any

Party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

15. Inadvertent production of information subject to the attorney-client and/or attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges.

16. If the producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the producing Party must provide written notice to all other Parties as soon as is reasonably practicable. In such event, the Parties must immediately:

    A. Return the privileged information along with all duplicates to the producing Party; or

    B. Destroy the originals and all copies of the privileged information.

17. The producing Party shall designate which of the approaches outlined in Paragraph 16 the Parties must follow. Once notified of the production of privileged information, the receiving Party shall not duplicate the privileged information, nor distribute the privileged information by any means other than returning it to the producing Party or destroying it consistent with this Paragraph. In addition, once notified of the production of privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.

18. Within thirty (30) days of notifying all other Parties, the producing Party must provide a privilege log to all Parties that lists the privileged information. The receiving Party shall have no liability, under this Stipulation or otherwise, for any disclosure or use of privileged information occurring before the receiving Party was placed on notice of the producing Party's claims of privilege, provided the receiving Party did not know that the information was privileged.

19. If the receiving Party has a reasonable basis to believe that information produced in discovery should have been withheld on the basis of privilege, the receiving Party has an affirmative obligation to provide written notice to the producing Party. The receiving Party must provide such written notice within a reasonable time period after identifying the information as privileged, but in any event, no later than seven (7) days after it discovers that privileged information was inadvertently produced.

20. If Confidential information produced in accordance with this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record of the Parties and, without prejudice to other rights and remedies available to the producing Party, make every effort to obtain the return of the disclosed Confidential information and prevent further disclosure of it by the person who was the recipient of such information.

**GENERAL PROVISIONS**

21. Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days after the termination of this action, including any and all appeals therefrom, attorneys for the receiving Party shall destroy all Confidential information received from the other Parties to this litigation or third parties hereunder, and provide the other Parties with written verification of such destruction. Notwithstanding this provision, outside counsel for each Party may maintain for archival purposes one copy of all pleadings, transcripts, exhibits and written discovery responses, including portions designated under this Stipulation. Prompt written notice shall be given to a Party who produced Confidential information hereunder if that Party's Confidential information is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process. Any person seeking such Confidential information who

1 | takes action to enforce such subpoena or other legal process shall be apprised of this Stipulation and any Protective Order thereon.

22. This Stipulation may be changed only by written agreement of the Parties or order of the Court, and is without prejudice to the rights of a Party to seek relief from or variation of any of its provisions.

23. This Stipulation, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.

Dated: April 25, 2017

_John E. McDermott_
The Honorable J. McDermott

SD2016701324
81659481.doc